Chief Judge Desmond (dissenting).
Concurring with Judge Fuld, I would reverse because of the rule stated and applied in Babcock v. Jackson (12 N Y 2d 473, 482-484), that is, that “ New York’s policy of requiring a tort-feasor to compensate his guest for injuries caused by his negligence ” is not to be departed from “ simply because the accident, solely affecting New York residents and arising out of the operation of a New York based automobile, happened beyond its borders. ’ ’ Similarly in Kilberg v. Northeast Airlines (9 N Y 2d 34, 89, 40) we gave effect to a “ strong, clear and old ” public policy of New York in refusing, even though the particular wrongful death occurred in Massachusetts, to enforce as against the estate of a New York resident the Massachusetts statute limiting recovery in death actions. What we did in those decisions was to announce for New York a modern public policy which abandoned the old sweeping rule that the law to be applied in every tort case was the law of the place of the wrong. Babcock and Kilberg (supra) together should be the law of this present case.
I do not think that any fear of being accused of making or using “mechanical” rules should deter us from developing such new decisional formulae as the need for them appears in our society. “ Mechanical ” is a mere epithet in this connection. It is our duty as the highest court of our State to formulate and *135 announce the law, otherwise how can the lower courts decide cases and how can lawyers advise their clients?.
No guides satisfactory to me are found in the concepts currently favored by teachers and writers on conflict of laws, such as “significant contacts ”, “center of gravity”, and “ interests of the respective states ”. I voted with the majority in Babcock v. Jackson (12 N Y 2d 473, supra) on my concept of New York State’s public policy but I agree with so much of the dissenting opinion of Judge Van Voorhis therein as says that “contacts”, “ interests ”, “center of gravity”, etc., are catchwords representing at best not methods or bases of decision but considerations to be employed in setting up the new rules of law required by changing times. Counting up “ contacts ” or locating the “center of gravity” or weighing the respective ‘ ‘ interests ’ ’ of two states can never be a satisfactory way of deciding actual lawsuits. As this case demonstrates, Judges will disagree as to where these balances and centers and interests lie. For instance, how can you isolate and compare the “interests” of Colorado and New York in this lawsuit? Colorado has no “ interest ” at all in the determination of the question whether plaintiff, a New York resident, should be denied recovery in a New York court against another New York resident. No more did Massachusetts have any “ interest ” in limiting the Kilberg estate’s recovery, or Ontario an interest in having plaintiff Babcock turned out of a New York court. The jurisdiction where an accident occurs has, of course, a special “ interest ” and responsibility in enforcing its own “ rules of the road” (see Babcock opinion, supra, p. 483). The state where an injured plaintiff lives may have an “ interest ” in seeing to it that adequate compensation is provided, lest the injured person become a public charge. But no state can have any discoverable “ interest ” in the application of its own special public policies as to liability and compensation in tort litigations in another state between two persons, both resident of that other state.
New York’s public policy in cases like this as to protecting its own residents from foreign state deprivations of reasonable protection and indemnity was settled for me by Kilberg v. Northeast Airlines (9 N Y 2d 34, supra) and Babcock v. Jack *136 son (12 N Y 2d 473, supra), and that public policy calls for a reversal.
Judges Dye, Van Vookhis and Scileppi concur with Judge Burke ; Judge Fuld dissents and votes to reverse in an opinion in which Chief Judge Desmond concurs in a separate opinion and in each of which Judge Bergan concurs.
Order affirmed.